UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KHALIL JOHNSON,

       Plaintiff,                         Civil Case No. 09-14883

v.                                                  DISTRICT JUDGE
                                                 ARTHUR J. TARNOW
LANCE SNEED, a/k/a CURTIS JACKSON, a/k/a
SEAN J. COMBS,                      MAGISTRATE JUDGE
                                                 DONALD A. SCHEER

       Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S
## APPLICATION TO PROCEED *IN FORMA PAUPERIS* [2],
## and
## DISMISSING THE COMPLAINT [1]

On November 2, 2010, Khalil Johnson ("Plaintiff") filed his *pro se* Complaint [1] in this case, along with an Application to Proceed *in forma pauperis* [2]. Those documents are now before the Court.

### A. PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

28 U.S.C. § 1915(a) provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets." If such a motion to proceed *in forma pauperis* is accompanied by a facially sufficient affidavit, the court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990). Only after the complaint is filed should it be tested to determine whether it is frivolous or fails to state a claim. *See id.*

Here, the Court is convinced that Plaintiff's financial affidavit "contain[s] allegations of poverty sufficient to allow [Plaintiff] to proceed without prepayment of costs." *See id.* at 262. Therefore, Plaintiff's Application to Proceed *in forma pauperis* [3] is **GRANTED**, and the Clerk is directed to file the Complaint.

### B. PLAINTIFF'S CLAIM FOR RELIEF

Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), it is tested under § 1915(e). Under 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if the court finds that the case is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Here, Plaintiff invokes federal jurisdiction pursuant to 28 U.S.C. § 1338, which confers upon the federal district courts original jurisdiction over civil actions relating to patents, copyrights and trademarks. The body of the Complaint [1] reads, in its entirety, "[t]he defendant owes the plaintiff $2,400,000.00 for money that was received from Warner Books, Inc., on September 10, 2009 to be paid by the defendant to the Plaintiff." *See* Compl. at 1.

The Court's determination of failure to state a claim under § 1915 is the same as its determination under FED. R. CIV. P. 12(b)(6). *See* 1 MOORE'S FED. PRACTICE § 4.41[3]. That is, a complaint fails to state a claim where it lacks "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

Here, because the Complaint [1] is completely devoid of any factual allegations from which a cause of action might be inferred, the Court must conclude that the Plaintiff has "fail[ed] to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B). The case is therefore subject to mandatory dismissal. *See id*.

Therefore, the Court being fully advised in the premises,

**IT IS ORDERED** that the Complaint [1] is hereby **DISMISSED.**

The case is **CLOSED**.

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
Senior United States District Judge

Dated: August 23, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record and Khalil Johnson #238491, Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908 on August 23, 2010, by electronic and/or ordinary mail.

                                           S/LISA M. WARE
                                           Case Manager